UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONIA SCOTT,

                Petitioner,

      -against-

CRAIG LOWE, WARDEN,

                Respondent.

22-CV-7697 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently detained at Pike County Correctional Facility in Lords Valley, Pennsylvania, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[1] She challenges her criminal proceedings pending in the Court of Common Pleas of Pike County, among other reasons, on the grounds that her right to a speedy trial has been violated and that the prosecutor lacks jurisdiction over her offense because the acts took place on tribal lands. For the following reasons, this petition is transferred to the United States District Court for the Middle District of Pennsylvania.

      In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (holding that a writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian).[2] Thus, the jurisdiction of a *habeas* petition

---

[1] Petitioner indicates that she is not at present subject to a judgment of the state court, and a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 is thus not available to her. *See Soto v. Warden*, No. 21-CV-4068 (PKC), 2021 WL 4192861, at *2 (E.D.N.Y. Aug. 10, 2021) ("[S]ection 2241 applies to all individuals held in state custody while [Section] 2254 applies only to those whose custody results from a final judgment.") (citations omitted).

[2] "While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism." *United*

challenging a petitioner's physical confinement generally lies in the district of her confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained in Pike County, which is located in the Middle District of Pennsylvania. 28 U.S.C. § 118(b). The Court therefore transfers this petition, in the interest of justice, to the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.[3] This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 9, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

*States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976). The Court expresses no opinion on whether the petition is ripe for review.

[3] Petitioner did not submit an application for leave to proceed *in forma pauperis*. The Court also notes that Plaintiff is barred from filing any new action *in forma pauperis* in this Court without first obtaining from the Court leave to file. *See Scott v. New York State Dep't of Motor Vehicles*, ECF 1:17-CV-3517, 6 (S.D.N.Y. June 20, 2017).